UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| C. LYNN KENT,<br><br>              Plaintiff,<br><br>              v.<br><br>NORTH CAROLINA DEPARTMENT<br>OF REVENUE,<br><br>              Defendant. | Civil Action 09-02430 (HHK) |

MEMORANDUM OPINION

C. Lynn Kent, proceeding *pro se*, brings this action against the North Carolina Department of Revenue ("Department"). Kent charges the Department with unlawfully garnishing his wages based on his failure to pay state taxes. He seeks injunctive relief, a declaratory judgment, and damages. Asserting that this Court lacks subject matter jurisdiction over this action, the Department moves to dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Upon consideration of the Department's motion [#4], the opposition thereto, and the record of this case, the Court concludes that the motion should be granted.

I. BACKGROUND

Kent, a resident of Sanford, North Carolina, filed this action on December 22, 2009. His complaint describes at length his objections to the Department's garnishment of his wages for his failure to pay taxes.[1] For example, he argues that "[t]he Judicial Due process provisions found in

---

[1] Although Kent's complaint does not describe the events that preceded the garnishment of his wages, the parties have submitted exhibits containing information that is apparently undisputed and makes clear that the complaint arises from a failure to pay taxes. The Court may consider this information when ruling on this motion. *Herbert v. Nat'l Acad. of Scis.*,

[the] US Constitution in the Fifth, Seventh and Fourteenth Amendment and Article Three have been violated." Compl. ¶ 31. He also alleges that the Department is violating North Carolina state law because the state income tax statute applies only to corporations, Compl. ¶ 17, because "there is no authority under common law for enforcement of the North Carolina Tax Code," Compl. ¶ 12, and because the garnishment was not the result of a jury trial, Compl. ¶ 14.

Kent seeks a declaration that the Department has been unlawfully garnishing his wages, an injunction to prevent the Department from continuing to do so, and damages for wages garnished in the amount of $15,000.[2]

## II. ANALYSIS

Federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citation omitted). The party asserting jurisdiction bears the burden of establishing the contrary, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936); *Rempfer v. Sharfstein*, 583 F.3d 860, 868–69 (D.C. Cir. 2009).

The Department argues that this Court lacks subject matter jurisdiction over this action because the Eleventh Amendment bars Kent from suing the State of North Carolina.[3] The

---

974 F.2d 192, 197 (D.C. Cir. 1992) (explaining that in ruling on a motion to dismiss brought under Rule 12(b)(1), the Court may consider the complaint supplemented by undisputed facts in the record). It is not disputed that Kent did not pay state income taxes for the years 1998, 1999, and 2000. After the Department issued proposed assessments and final notices but still did not receive payment from Kent, it began garnishing his wages.

[2] Specifically, Kent asks that these damages be paid "in lawful money of the United States of America, Silver Specie, one ounce silver coins." Compl. ¶ 54.

[3] This Court recognizes that the D.C. Circuit and the Supreme Court have noted that "the question whether Eleventh Amendment immunity is a matter of subject matter

Department asserts further that Kent has made no showing that North Carolina or the Department consented to suit or waived its immunity. The Department is correct.[4]

This suit is the very type barred by the Eleventh Amendment, which grants a state immunity from suit in federal court by its own citizens. U.S. CONST. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 21 (1890).[5] Although this immunity is not absolute, the Supreme Court

---

jurisdiction is an open one." *United States ex rel. Long v. SCS Bus. & Technical Inst., Inc.*, 173 F.3d 890, 892 (D.C. Cir. 1999) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)). Because neither court has provided an alternative basis for evaluating a motion for dismissal brought on Eleventh Amendment grounds, this Court will continue to apply the legal standard for Rule 12(b)(1), as other courts have done. *See, e.g.*, *Bailey v. Wash. Metro. Area Transit Auth.*, 2010 WL 937942, at *3 n.4 (D.D.C. Mar. 17, 2010) (dismissing claims on Eleventh Amendment grounds under Rule 12(b)(1)).

[4] In the alternative, the Department argues that this Court lacks subject matter jurisdiction because of the Tax Injunction Act ("Act"), 28 U.S.C. § 1341. The Act prevents district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *Id.* At the time the Department issued Kent the proposed tax assessments, he could have appealed them through the Tax Review Board and then the North Carolina Superior Court. *See* N.C. Gen. Stat. §§ 105-241.2, 105-241.3 (superseded 2007). Kent also could have paid his outstanding taxes and then filed suit in the State Superior Court. *See* N.C. Gen. Stat. § 105-267 (superseded 2007). Such appeal provisions have been held to meet the Act's requirement of a "plain, speedy and efficient remedy." *See Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 587 (1995). Therefore, the Act bars Kent's claims for injunctive relief. Because the Act has been interpreted to prohibit "a district court from issuing a declaratory judgment holding state tax laws unconstitutional," it also bars Kent's claims for declaratory relief. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). The Act does not clearly cover damages, but the principle of sovereign immunity, for the reasons set forth in this memorandum, prevents this Court from permitting Kent's action to go forward including insofar as he seeks such relief.

[5] Kent, a citizen of North Carolina, has brought this action against a department of the government of North Carolina. Entities that operate as an "arm of the State" share the state's immunity from suit. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997). A state's Department of Revenue has consistently been treated as an "arm of the state." *See, e.g.*, *LaFavre v. Kansas ex. rel. Stovall*, 6 F. App'x 799, 803 (10th Cir. 2001); *Kessler v. Fla. Dep't of Revenue*, 2010 WL 599385, at *3 (S.D. Fla. Feb. 8, 2010); *Penland v. Governor of S.C.*, 2008 WL 877122, at *4 (D.S.C. Mar. 31, 2008). Therefore, for purposes of Eleventh Amendment

3

has "made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (internal citations omitted). There are only two ways in which an individual may sue a state. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, Congress may authorize such suits by abrogating immunity through statute, and second, a state may waive immunity by consenting to be sued. *Id.* Kent has made no allegation, and the Court is not aware of any authority to indicate, either that Congress abrogated North Carolina's sovereign immunity or that North Carolina waived it with regard to suits of this nature.[6]

In opposition to the Department's motion to dismiss, Kent primarily argues that this Court should have jurisdiction because the state court "option is out of reach financially of all but the extremely wealthy, since the alleged tax has to be paid first," and that "[a] civil action in state court is a guaranteed victory for [North Carolina]." Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 5.[7]

---

immunity, the Court considers the North Carolina Department of Revenue an "arm of the state" of North Carolina.

[6] Kent's complaint asserts that this Court "is the only common law court in the United States of America and thus under Article Three . . . [he is] entitled to access," Compl. ¶ 2, and that 4 U.S.C. § 72 "further mandates jurisdiction for this court in Washington, D.C. pursuant to the seat of Government clause," Compl. ¶ 1. These legal authorities, which establish the federal judiciary, U.S. CONST. art. III, and require that "all offices attached to the seat of government . . . be exercised in the District of Columbia," 4 U.S.C. § 72, are not relevant to the question before the Court.

[7] In making another argument to support his contention that sovereign immunity does not bar his claims, Kent relies on a line of cases regarding immunity of individual government actors rather than the state itself. Pl.'s Opp'n at 6–8 (citing *Clinton v. Jones*, 520 U.S. 681 (1997); *Nixon v. Fitzgerald*, 457 U.S. 731 (1982)). This line of cases does not change the Court's analysis of the State's sovereign immunity. Even if Kent had brought this action against an individual government actor under the *Ex parte Young* exception to the principle of

4

The Court finds this argument unpersuasive. Kent's concerns of bias in the state courts do not fall under any recognized exception to "the right of a State to reserve for its courts the primary consideration and decision of its own tax litigation because of the direct impact of such litigation upon its finances." *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 577 (1946); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (explaining that absent consent, a suit in federal court against a state or one of its agencies "is proscribed by the Eleventh Amendment").

Because Kent's suit is barred by sovereign immunity, this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Department's motion to dismiss [#4] must be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

---

sovereign immunity, 209 U.S. 123 (1908), his claim would nevertheless be barred. The *Ex parte Young* exception allows a federal court to enjoin state officers from acting unconstitutionally or in a violation of federal law. *Vann v. Kempthorne*, 534 F.3d 741, 750–51 (D.C. Cir. 2008). In this case, however, if Kent had sued a state official, the Tax Injunction Act would bar Kent's claims for injunctive and declaratory relief. *See supra* note 4. Kent's claims for damages would also be barred because the Eleventh Amendment acts to prevent claims for damages even if the named defendant is a state official and the *Ex parte Young* exception would ordinarily otherwise apply. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).